UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| POLARIS INDUSTRIES, INC., | Civil No. 15-4129 (JRT/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |
| ARCTIC CAT INC. and ARCTIC CAT SALES INC., | |
| Defendants. | |

Dennis C. Bremer and William F. Bullard, **CARLSON CASPERS VANDENBURGH LINDQUIST & SCHUMAN PA**, 225 South Sixth Street, Suite 4200, Minneapolis, MN 55402, for plaintiff.

John C. Adkisson and Joseph A. Herriges, **FISH & RICHARDSON PC**, 60 South Sixth Street, Suite 3200, Minneapolis, MN 55402, for defendants.

Plaintiff Polaris Industries, Inc. ("Polaris") brought this patent-infringement action against defendants Arctic Cat Inc. and Arctic Cat Sales Inc. (collectively "Arctic Cat"). Arctic Cat has moved to dismiss the complaint arguing that Polaris failed to satisfy the new pleading requirement established by the amended Federal Rules of Civil Procedure, which went into effect two weeks after Polaris filed its complaint. Because the Court finds that applying the amended rule retroactively to require Polaris to replead its complaint would not be just and practicable, the Court will deny Arctic Cat's motion.

## BACKGROUND

On November 16, 2015, Polaris filed its complaint against Arctic Cat. (Compl., Nov. 16, 2015, Docket No. 1.) Polaris alleges that Arctic Cat infringed on Polaris's

patent by using, selling, offering for sale, and or importing infringing side-by-side vehicles. (*Id.* ¶ 9-10.) On December 1, 2015, the parties filed a joint stipulation for a 30-day extension to answer the complaint so that Arctic Cat could "fully evaluate Plaintiff's patent infringement claims and prepare an initial responsive pleading." (Stipulation for Extension of Time to Answer, Dec. 1, 2015, Docket No. 8.) On January 7, 2016, Arctic Cat filed the instant motion to dismiss, arguing that Polaris was required to meet the amended pleading standard for patent cases. (Mot. to Dismiss, Jan. 7, 2016, Docket No. 10.)

## ANALYSIS

Prior to December 2015, under Federal Rule of Civil Procedure 84, if a plaintiff's patent complaint met the requirements of Form 18, the plaintiff sufficiently stated a claim, and was not subject to the higher standard outlined in *Iqbal* and *Twombly*. *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1333-34 (Fed. Cir. 2012). Arctic Cat does not dispute that the complaint here met the Form 18 standard.[1]

---

[1] Form 18 required:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent by making, selling, and using [the device] embodying the patent; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

*Id.* at 1334 (quoting *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007)).

On April 29, 2015, the Supreme Court adopted proposed amendments to the Federal Rules of Civil Procedure that would, among other changes to the rules, abrogate Rule 84 and all of the forms in the appendix, including Form 18.  Fed. R. Civ. P. Refs. & Annos., Order of Apr. 29, 2015.  The amendments took effect on December 1, 2015.  *Id.*  The Supreme Court's order declared that the amendments "shall govern in all proceedings in civil cases . . . commenced [on or after December 1, 2015] and, insofar as just and practicable, all proceedings then pending."  *Id.*

Thus, the question here is whether it is "just and practicable" to apply the new pleading requirement retroactively to a complaint that was filed two weeks before the proposed rule abrogating Form 18 went into effect.  The Court finds it is not, because it would not be just for the Court to require parties to conform their conduct to rules that have merely been proposed and not yet taken effect.  Even though the Supreme Court issued its order adopting the amendments to the rules on April 29, 2015, the amendments were merely "proposed" rules until December 1, 2015, when they finally became effective.  *See* 28 U.S.C. § 2074(a) (requiring the Supreme Court to submit to Congress a copy of the "proposed rule" by May 1); Supreme Court of the United States, Amendments to the Federal Rules of Civil Procedure at *4 (Apr. 29, 2015), http://www.supremecourt.gov/orders/courtorders/frcv15_5h25.pdf ("PROPOSED AMENDMENTS TO THE FEDERAL RULES OF CIVIL PROCEDURE").  Polaris filed its complaint on November 16, prior to December 1, when the rules were still mere proposed rules.  Polaris should not have been expected to draft its complaint to comply with not-yet-effective amendments.

There are of course exceptions to this general rule in other contexts.  For example, it may be just and practicable to apply new rules retroactively if the new rules merely restyle, restate, or clarify an old rule, as opposed to changing the rule's content.  *See, e.g.*, *Morales-Santiago v. Hérnandez-Pérez*, 488 F.3d 465, 469 n.4 (1st Cir. 2007); *Matthew Enter., Inc. v. Chrysler Grp. LLC*, No. 13-4236, 2015 WL 8482256, at *1 n.7 (N.D. Cal. Dec. 10, 2015).  And it may be just and practicable to apply new rules retroactively in discovery disputes where the court anticipates that it will be called upon to apply the same rule again and the court's ruling would affect future decisions in the case.  *See, e.g.*, *Am. Fed'n of Musicians of the U.S. & Can. v. Skodam Films, LLC*, 313 F.R.D. 39, 45 (N.D. Tex. 2015) (stating that applying the amended rule "to the Subpoena and [the party's] motion to compel is both just and practicable where [the party] is not entitled to enforce its Subpoena against a non-party based on a greater scope of relevance than should apply to any discovery against any party going forward").  Finally, the Eighth Circuit has noted that it is just and practicable to apply new rules retroactively where the new rule's very purpose was to prevent the application of the old rules.  *United States v. Duke*, 50 F.3d 571, 575 (8th Cir. 1995) ("we see no reason why Duke should be caught in the procedural trap which Rule 4(a)(4), as amended, was meant to eliminate").  But none of these exceptions apply here.

Arctic Cat contends that it is Polaris's burden to demonstrate that it would be "unjust or impracticable" to follow the new rules and that Polaris has not done so.  In support of its argument, Arctic Cat cites *Dietz v. Spangenberg*, a recent District of Minnesota case where the court applied a new rule in a case initiated prior to the rule's

adoption, noting that the party that protested the application of the new rule had not shown that applying the new rule "would be unjust or impracticable." No. 11-2600, 2014 WL 537753, at *4 (D. Minn. Feb. 11, 2014). But *Dietz* was not a case about retroactivity. The motion at issue in *Dietz* was filed on December 13, twelve days **after** the new rules took effect on December 1; the court noted that "all conduct relevant to the contested subpoenas occurred after the amendments took effect." *Id.* In contrast, Arctic Cat asks the Court to apply the new rules to Polaris's complaint, filed on November 16, **before** the new rules took effect.

Here, applying the amended rule retroactively to pleadings filed before it took effect would not be just and practicable. It would require dismissing and repleading the complaint to comply with the new, heightened standard, which would further delay litigation. Additionally, applying the pleading standard in effect at the time of filing – and for years beforehand – is not unjust to Arctic Cat. Thus, the Court will deny Arctic Cat's motion to dismiss.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Arctic Cat's motion to dismiss [Docket No. 10] is **DENIED**.

DATED: June 23, 2016  
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court